UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | Case No. 24-cv-05107-NC<br><br>**ORDER TO FILE MOTION TO PROCEED ANONYMOUSLY AND APPOINT A GUARDIAN AD LITEM**<br><br>Re: Dkt. No. 6 |

On August 13, 2024, Plaintiff Jane Doe filed a proposed class action complaint alleging Defendant Apple Inc. fails to ensure the privacy and safety of child users by effectively permitting the storage of child sexual abuse material on its iCloud service. ECF 1, 6. Plaintiff filed her complaint under the pseudonym "Jane Doe" and alleges she is nine years old. To proceed in this action anonymously and as a minor, Plaintiff is ordered to file a motion outlining why she should be permitted to sue under a pseudonym and seeking to appoint an appropriate guardian ad litem.

**I.      Plaintiff Must Seek Permission to Proceed Anonymously**

Under Federal Rule of Civil Procedure 10(a), "the title of the complaint must name all the parties." The public also retains a common law right to access judicial proceedings. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598–99 (1978).

Nonetheless, it is in the Court's discretion to allow pseudonyms. *See id.* ("[T]he

decision as to access is one best left to the sound discretion of the trial court."); *Jane Roes 1–2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015). In the Ninth Circuit, a party may proceed anonymously "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The use of a pseudonym is therefore reserved for the "unusual case" where anonymity is "necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *U.S. v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980).

Plaintiff's complaint states:

> Plaintiff Jane Doe requests that this Court permit her to proceed under a pseudonym ("Jane Doe"). If required by the Court, she will seek permission to proceed under the pseudonyms [*sic*]. The use of [a] pseudonym is necessary to preserve privacy in a matter of sensitive and highly personal nature regarding the minor child, given that some of the background allegations relate to her private experience as a victim of harassment. Plaintiff's sensitive and personal experiences were not the result of any voluntary undertaking on her part, and neither the public, nor the Defendant, will be prejudiced by Plaintiff's identity remaining private.

ECF 6 ¶ 88. The Court requires Plaintiff file a motion seeking permission to proceed under a pseudonym and elaborating on the explanation provided in her complaint.

## II. Plaintiff Must Seek Appointment of a Suitable Guardian Ad Litem

Under Federal Rule of Civil Procedure 17(c), a minor must be represented by either a duly appointed general guardian, committee, conservator, or fiduciary, or by a guardian ad litem to bring suit. The Court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor" without a duly appointed representative. Fed. R. Civ. P. 17(c)(2). More specifically, a minor's capacity to sue is governed by state law. *See* Fed. R. Civ. P. 17(b); *Kulya v. City & Cnty. of S.F.*, No. 06-cv-06539-JSW, 2007 WL 760776, at *1 (N.D. Cal. Mar. 9, 2007). In California, a minor must be represented "by a guardian or conservator of the estate or by a guardian ad litem appointed by the court." Cal. Code Civ. P. § 372(a)(1).

"The Court has a duty to ensure that a minor's interest[s] are protected." *Bhatia v.*

2

*Corrigan*, No. 07-cv-2054-CW, 2007 WL 1455908, at *1.  Therefore, when deciding the appointment of a guardian ad litem, the Court must consider "whether the minor and the guardian have divergent interests."  *Guerrero v. Brentwood Union Sch. Dist.*, No. 13-cv-3873-LB, 2014 WL 1028862, at *2 (citing Cal. Code Civ. P. § 372(b)(1)).

The complaint alleges Plaintiff Jane Doe is nine years old and brings suit "by and through her guardian."  ECF 6 at 1.  Plaintiff is a minor, *see* Cal. Fam. Code § 6502, and therefore cannot sue on her own behalf.  Plaintiff must file a motion seeking to appoint a guardian ad litem, or demonstrating Plaintiff already has a duly appointed representative, and explaining why the guardian ad litem proposed would best protect Plaintiff's interests.  *See* Cal. Code Civ. P. § 373(a) (discussing appointment of a guardian ad litem for a minor under the age of fourteen "upon the application of a relative or friend of the minor").

**III. Conclusion**

Plaintiff must file a motion seeking permission to proceed anonymously and appoint a guardian ad litem by August 29, 2024.

**IT IS SO ORDERED.**

Dated:  August 15, 2024

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

3