Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

David N. Sneed (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662 5027
Facsimile: (202) 778-5027
Email: dsneed@cov.com

Isaac D. Chaput (Bar No. 326923)
Amy S. Heath (Bar No. 312516)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: ichaput@cov.com
Email: aheath@cov.com

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE,<br><br>  Plaintiff,<br><br>  v.<br><br>APPLE INC.<br><br>  Defendant. | Civil Case No.: 5:24-cv-05107-EKL<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO DISMISS**<br><br>Date:  February 26, 2024<br>Time: 10:00 a.m.<br>Place: Courtroom 7<br>Judge: Hon. Eumi K. Lee |

In support of Defendant Apple Inc.'s concurrently filed Motion to Dismiss, Apple respectfully requests that the Court treat as incorporated by reference the following documents, which are attached as Exhibits 1–7 to the accompanying Declaration of Isaac. D. Chaput.  To the extent that Plaintiff seeks to rely on other versions of these documents, Apple requests that the Court take judicial notice of those versions as well.  The documents subject to this Request are:

- *iCloud Data Security Overview* webpage (Exhibit 1);
- iCloud's Terms and Conditions (Exhibit 2);
- Apple's Privacy Policy (Exhibit 3);
- Apple's Family Privacy Disclosure for Children (Exhibit 4);
- iPad User Guide, *Set communication and safety limits and block nude content on iPad* webpage (Exhibit 5);
- *About Communication Safety on Your Child's Apple Device* webpage (Exhibit 6); and
- Email from E. Neuenschwander (Aug. 31, 2023) (Exhibit 7).

## I.     LEGAL STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12, a district court may consider documents incorporated into the complaint by reference or otherwise subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  Under the incorporation-by-reference doctrine, a court may consider documents attached to or referenced in the complaint and documents that are "integral" to the plaintiff's claims and whose authenticity "is not in question," even if the complaint does not explicitly cite them.  *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also Khoja*, 899 F.3d at 1002 (acknowledging that, in some cases, documents may "form[] the basis of the plaintiff's claim" even "if the complaint does not mention the document at all"); *Mai v. Supercell Oy*, 648 F. Supp. 3d 1130, 1138 n.3 (N.D. Cal. 2023), *reversed on other grounds*, 2024 WL 2077500 (9th Cir. May 9, 2024) (considering terms of service, even though not explicitly referenced in complaint, because terms of service governed use of games upon which claims were based).

In addition, Rule 201 of the Federal Rules of Evidence permits the Court to take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from

sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2).  Proper subjects

of judicial notice on a motion to dismiss include publicly accessible websites, including terms of service

and policies that are published on websites.  *See, e.g.*, *Libman v. Apple, Inc.*, 2024 WL 4314791, at *4

(N.D. Cal. Sept. 26, 2024) (granting Apple's requests for judicial notice of terms, privacy policies, and its

webpages at motion-to-dismiss stage).

## II.     ARGUMENT

### A.     Exhibits 1–4 and 6–7 Are Incorporated by Reference into the Complaint.

The Complaint either explicitly cites and relies on Exhibits 1–4 and 6–7 or they are integral to the

claims—rendering them incorporated by reference.

*First*, Exhibits 1, 3, 6, and 7 are explicitly cited in and relied on by the Complaint, and Exhibit 4

is explicitly incorporated into Exhibit 3.  *See* Compl. ¶¶ 59–64 & nn. 33–36 (Exhibit 1, *iCloud Data*

*Security Overview* webpage); 47, 49 & n.25, 50, 69 & n.37, 126–28 & nn.39–41, 135 & n.42 (Exhibit 3,

Apple's Privacy Policy); 33 & n.18 (Exhibit 6, *About Communication Safety on Your Child's Apple Device*

webpage); 56 & n.30 (Exhibit 7, Email from E. Neuenschwander (Aug. 31, 2023)); Ex. 3 (Privacy Policy)

at 5 (incorporating Exhibit 4, Family Privacy Disclosure for Children).

*Second*, the Exhibits are integral to Plaintiff's claims.  The Complaint cites Exhibit 1, the Data

Security webpage, to describe the Apple technology that it challenges.  *Id.*  ¶¶ 59–64 & nn.33–36.

Exhibit 2, iCloud's Terms and Conditions, governs Plaintiff's (and the third-party bad actors') use

of iCloud, and so forms the basis of the claims regarding alleged misrepresentations and unfair practices

associated with that iCloud use.  The exhibit is, consequently, "integral to" the claims, even if not

explicitly mentioned.  *Coto*, 593 F.3d at 1038; *Mai*, 648 F. Supp. 3d at 1138 n.3 (considering terms of

service, even though not explicitly referenced in complaint).  It also underpins the claims because the

Terms and Conditions prohibit "upload[ing], . . . transmit[ting], stor[ing], [or] shar[ing] . . . any Content

that is unlawful, harassing, threatening, harmful, . . . obscene, vulgar, . . . or otherwise objectionable," as

well as "engag[ing] in any illegal activity."  Ex. 2 at Section V.B.  Moreover, Plaintiff alleges that Apple

fails to provide a reporting avenue for violating content.  Compl. ¶ 32 ("While Apple offers its customers

an email address for reporting security or privacy vulnerabilities in its products, upon information and

belief, Apple has not created or invested in user-reporting channels specifically for images or videos of

CSAM.").  But the Terms and Conditions notify users that they may report content on iCloud they believe to be inappropriate or otherwise a violation of the Terms & Conditions by emailing abuse@iCloud.com. *See* Ex. 2 at V.G.  The Terms and Conditions are central to Plaintiff's claims, and it would be inequitable to ignore them at the motion to dismiss stage.  Plaintiff cannot survive dismissal by omitting reference to documents that undermine her claims.  *See Khoja*, 899 F.3d at 1002; *see also, e.g.*, *Hernandez v. Path, Inc.*, 2012 WL 5194120, at *3, *5 (N.D. Cal. Oct. 19, 2012) (considering Path's privacy disclosures at dismissal stage because "Plaintiff's claims are based on how Path discloses information to users"); *see also, e.g.*, *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 829 (N.D. Cal. 2019), *aff'd in part and rev'd in part on other grounds*, 2023 WL 8365362 (9th Cir. Dec. 4, 2023) (considering a data policy that was "implicitly referenced throughout" the complaint).

Plaintiff's misrepresentation-based claims depend entirely on Exhibit 3, Apple's Privacy Policy, because the only misrepresentation Plaintiff alleges is a statement in that Privacy Policy.  *Id.* ¶¶ 47, 49 & n.25, 50, 69 & n.37, 126–28 & nn.39–41, 135 & n.42; *Zhang v. Twitter Inc.*, 2023 WL 5493823, at *3 (N.D. Cal. Aug. 23, 2023) (treating terms of service and policies as incorporated by reference where plaintiff asserted fraud claim based on those terms and policies).  The incorporation-by-reference doctrine ensures that the alleged misrepresentation is considered in the context in which it appears.  *See Khoja*, 899 F.3d at 1002.

Exhibits 4 and 6 provide information about parental controls and Communication Safety, which the Complaint alleges that Apple launched "in place" of CSAM detection; the claims necessarily depend on these controls and Communication Safety being insufficient in some manner.  *Id.* ¶ 33 & n.18.

Finally, the Complaint quotes at length from Exhibit 7, the August 31, 2023 email about the reasons Apple chose not to scan for CSAM—the decision at the root of all of Plaintiff's claims.  *Id.* ¶ 56 & n.30.  Accordingly, these documents are incorporated by reference into the Complaint and the Court may consider them.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (Courts may "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." (cleaned up)).

Indeed, incorporation by reference of Exhibits 1–4 and 6–7 would serve one of the central goals of the doctrine, which is to prevent plaintiffs from surviving a motion to dismiss by omitting reference to

key documents or "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *See Khoja*, 899 F.3d at 1002. The incorporation-by-reference doctrine instructs that the Court should consider the full documents upon which the Complaint is based, rather than relying on Plaintiff's selective quotations. *See id.* at 1002; *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds*.

### B.    Exhibits 1–6 Are Subject to Judicial Notice.

All of the proffered Exhibits from Apple's website (Exhibits 1–6) are also subject to judicial notice under Rule 201 because they are of a publicly accessible website. *See Libman*, 2024 WL 4314791, at *4 (granting Apple's requests for judicial notice of terms, privacy policies (including the Privacy Policy (submitted here as Exhibit 3) and the Family Privacy Disclosure for Children (Exhibit 4)), and its webpages). Courts routinely take judicial notice of similar webpages and policies. *See, e.g.*, *Zhang*, 2023 WL 5493823, at *3 (collecting cases); *Wallster, Inc. v. Redbubble, Inc.*, 2022 WL 17371051, at *1 n.1 (C.D. Cal. Oct. 21, 2022) (granting judicial notice of publicly available policies); *In re Google Location History Litig.*, 428 F. Supp. 3d 185, 189–90 (N.D. Cal. 2019) (granting judicial notice of publicly available websites including privacy disclosures); *Letizia v. Facebook Inc.*, 267 F. Supp. 3d 1235, 1241–42 (N.D. Cal. 2017) (similar); *Matera v. Google Inc.*, 2016 WL 8200619, at *5 (N.D. Cal. Aug. 12, 2016) (granting judicial notice of multiple versions of privacy policy, including archived versions); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1068 n.3 (N.D. Cal. 2016) (granting judicial notice "the Yelp Privacy Policies during the relevant time periods because they were publicly available on the Yelp website"); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025, 1028–29 (N.D. Cal. 2014) (granting judicial notice of terms of service and privacy "because they are aspects of a publicly accessible website").

Accordingly, the Court can and should take judicial notice of these publicly accessible webpages, policies, and terms. If Plaintiff seeks to rely on other versions of the webpages, policies, or terms, the Court should also take judicial notice of those other versions. *See, e.g.*, *Matera*, 2016 WL 8200619, at *5 (taking judicial notice of archived versions of policy).

### III.    CONCLUSION

Apple respectfully requests that the Court consider Exhibits 1–7 in ruling on Apple's Motion to Dismiss.

DATED:  October 25, 2024

Respectfully submitted,

By:     _/s/ Isaac D. Chaput_

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Isaac D. Chaput (Bar No. 326923)
Amy S. Heath (Bar No. 312516)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: ichaput@cov.com
Email: aheath@cov.com

David N. Sneed (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662 5027
Facsimile: (202) 778-5027
Email: dsneed@cov.com

*Attorneys for Defendant Apple Inc.*

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT
APPLE INC.'S MOTION TO DISMISS

Case No. 5:24-cv-05107-EKL